UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JOSHUA D. GUERRIN,<br><br>Plaintiff,<br><br>v.<br><br>IBIN MANAGEMENT, LLC,<br><br>Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 1:23-cv-00087<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes JOSHUA D. GUERRIN ("Plaintiff"), by and through the undersigned, complaining as to the conduct of IBIN MANAGEMENT, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages under the Fair Credit Reporting Act ("FCRA") pursuant to 15 U.S.C. § 1681 *et seq.*, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FCRA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C § 1681, as well as 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States.

1

3. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391, as Defendant conducts business in the Western District of Michigan and a substantial portion of the events or omissions giving rise to the claims occurred within the Western District of Michigan.

### PARTIES

4. Plaintiff is a consumer over 18 years of age residing in Zeeland, Michigan, within the Western District of Michigan.

5. Defendant is a property management company in the state of Michigan. Defendant is a limited liability company organized and existing under the laws of the state of Indiana with its principal office address located at PO BOX 668, Crown Point, Indiana 46308.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers at all times relevant to the instant action.

### FACTS SUPPORTING CAUSES OF ACTION

7. The instant action arises out of Defendant's improper use of Plaintiff's credit report.

8. Prior to the actions giving rise to the claim herein, Plaintiff applied to lease an apartment from Defendant.

9. In connection with Plaintiff's application and for purposes of determining whether Plaintiff qualified for a lease, Defendant accessed Plaintiff's credit report.

10. Plaintiff qualified for a lease, and subsequently leased an apartment with Defendant.

11. As a result of unlawful conduct on the part of Defendant, Plaintiff sued Defendant for damages and also filed a complaint with the Attorney General. The Attorney General worked to mediate the dispute ("mediation").

12. As a party to the mediation, Defendant impermissibly supplied Plaintiff's credit report to the Attorney General in an effort to prove Plaintiff was a bad person so as to increase its leverage and paint Plaintiff in a bad light.

13. Defendant's utilization of Plaintiff's credit report in this regard was contrary to the permissible purposes outlined in the FCRA and similarly was contrary to any authorization Defendant had to use Plaintiff's credit report.

14. Plaintiff suffered actual damages as a result of Defendant's actions including, but not limited to, invasion of privacy, disclosure of private information, emotional distress, embarrassment, and violations of his federally-protected interests to be free from harassing, unfair, and abusive conduct pertaining to the use of his credit report.

### COUNT I – VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

15. Plaintiff restates and reallages paragraphs 1 through 14 as though fully set forth herein.

16. Plaintiff is a "consumer" as defined by 15 U.S.C. §§ 1681a(b) and 1681a(c).

17. Defendant is a "person" as defined by 15 U.S.C. § 1681a(b).

18. At all times relevant, the above-mentioned credit report was a "consumer report" as the term is defined by § 1681a(d)(1).

19. The FCRA, pursuant to 15 U.S.C. § 1681b(f)(1), prohibits a person from using or obtaining a consumer report for any purpose unless the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished.

20. Defendant violated 15 U.S.C. § 1681b(f)(1) by impermissibly submitting Plaintiff's credit report to the Attorney General as negative evidence of Plaintiff's character, during the mediation. This utilization was contrary to the permissible purposes highlighted by the FCRA and contrary to any certification filed by Defendant in connection with its obtainment of Plaintiff's credit report.

21. By impermissibly using Plaintiff's credit report, Defendant unfairly communicated private information regarding the Plaintiff, without Plaintiff's permission, negatively impacting the mediation in which it was used.

WHEREFORE, Plaintiff, JOSHUA D. GUERRIN, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes;

b. Awarding Plaintiff actual damages, in an amount to be determined at trial, for the underlying FCRA violation;

c.  Awarding Plaintiff statutory damages of $1,000.00 for the violation of the FCRA, pursuant to 15 U.S.C. § 1681n;

d.  Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violation, pursuant to 15 U.S.C. §§ 1681n and 1681o;

e.  Awarding Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §§ 1681n and 1681o; and

f.  Awarding Plaintiff any other relief as this Honorable Court deems equitable and just.

Dated: January 24, 2023            Respectfully submitted,

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
Counsel for Plaintiff
Admitted in the Western District of Michigan
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
(630) 575-8181 x113 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com