**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| JOSHUA GUERRIN,<br><br>Plaintiff,<br><br>v.<br><br>IBIN MANAGEMENT, LLC,<br><br>Defendant. | Case No. 2:23-cv-00105-TLS-JEM<br><br>Judge Theresa L. Springmann<br><br>Magistrate John E. Martin |

**PLAINTIFF'S RESPONSE BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**

NOW comes JOSHUA GUERRIN ("Plaintiff"), by and through the undersigned, hereby filing his Response Brief in Opposition ("Plaintiff's Response") to Defendant IBIN MANAGEMENT, LLC's ("Defendant") Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) ("Defendant's Motion"), and in support thereof, states as follows:

## I. INTRODUCTION

Plaintiff's Complaint seeks redress against Defendant under the Fair Credit Reporting Act ("FCRA"), pursuant to 15 U.S.C. § 1681(b)(f), for the way in which Defendant used Plaintiff's credit report as negative evidence of his character in connection with Plaintiff's claims that Defendant acted deceptively and misleadingly in connection with their underlying tenant-landlord relationship. Defendant's Motion, in seeking dismissal of Plaintiff's claims, asserts that, because Plaintiff consented to the Indiana Attorney General obtaining information necessary to resolve the dispute, Defendant had Plaintiff's written authorization to use the credit report in the manner it did. Defendant's Motion and the position asserted therein is fundamentally flawed in a number of respects

Defendant's Motion and the position asserted relies largely on documents and matters outside the pleadings, which cannot be considered in the 12(b)(6) context. As such, the Court should refuse to consider such document and information and deny Defendant's Motion accordingly. Alternatively, if the Court is inclined to consider matters outside the pleadings, then Defendant's Motion must be converted to one for summary judgment under Rule 56, at which point further discovery would be needed to assess Defendant's compliance with the FCRA.

Even considering the matters outside the pleadings, Plaintiff's purported consent provided to the Indiana Attorney General does not foreclose the questions surrounding whether Defendant used the credit report for an impermissible purpose. § 1681b(f) limits the proper purposes for utilization of credit reports to the permissible purposes outlined in § 1681b, *and* requires that a person obtaining and using such report certifies, pursuant to § 1681e, the purposes for which the information is sought. *See* 15 U.S.C. §§ 1681b(f)(2). This certification requires the party obtaining the credit report to certify the purpose and that "the information will be used for **no other purpose**." 1681e(a) (emphasis added). Plaintiff's Motion alleges, and Defendant does not dispute, that the purpose of obtaining Plaintiff's credit report was to verify his qualifications for an apartment, *not* in conjunction with the Indiana Attorney General's investigation into alleged misconduct on the part of Defendant. [*See* Plaintiff's Complaint, Dkt. 1, ¶ 9]. Because Defendant used Plaintiff's credit report for a purpose other than what was certified, [*id.* at ¶ 20], Defendant used Plaintiff's credit report in violation of § 1681b(f), Respondent's Motion largely avoids the question of whether the use of the use of the credit report in conjunction with the Attorney General investigation was consistent with its certified use of the report.

Further, Defendant's Motion generally misconstrues the nature of the consent provision signed by Plaintiff. Any written authorization provided therein flowed to the Indiana Attorney

General, *not* Defendant. As such, Plaintiff did not provide any written authorization *to Defendant* to use the credit report in connection with the underlying dispute between the parties. As such, Defendant cannot attempt to backdoor its way into a permissible purpose for its use of Plaintiff's credit report by asserting a consent clause that, on its face, did not authorize Defendant to use the credit report in the manner it did.

Therefore, Defendant's Motion should be denied in its entirety.

## II. STANDARD OF REVIEW

To survive a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual material, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). However, plaintiffs are not required to "plead the elements of a cause of action along with facts supporting each element." *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, 786 F.3d 510,517 (7th Cir. 2015). Rather, the complaint must provide a defendant "with 'fair notice' of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (quoting Fed. R. Civ. P. 8(a)(2) and *Twombly*, 550 U.S. at 555). In ruling on a pending motion to dismiss, the court must construe the allegations in the complaint in a light most favorable to the plaintiff, accept as true all well-pleaded factual allegations set forth therein, and draw all reasonable inferences in favor of the non-moving party. *Fednav Int'l Ltd. v. Continental Ins. Co.,* 624 F.3d 834, 837 (7th Cir. 2010). In the event the court finds that dismissal is warranted, the court should grant the plaintiff leave to amend unless amendment would be futile. *Ford v. Neese*, 119 F.3d 560, 563 (7th Cir. 1997).

## III. ARGUMENT

### a. Plaintiff's Complaint Sufficiently Alleges Defendant's Violations of § 1681b(f)

Defendant's Motion attempts to suggest that Plaintiff's allegations regarding the impermissible purpose with which Defendant used his credit report are nothing more than conclusory assertions. Defendant's argument is entirely without merit, as noted by numerous courts examining the pleading burden incumbent upon parties asserting claims under § 1681f(b). Ironically, it is Defendant's position that is entirely conclusory and not reasonably supported by any meaningful authority.

"Congress passed the Fair Credit Reporting Act ("FCRA") to 'ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy.'" *Rogers v. Wells Fargo Bank, N.A.*, 2020 U.S. Dist. LEXIS 39069, at *7 (N.D. Ill. 2020) citing *Safeco Ins. Co. of America v. Burr*, 551 U.S. 47, 52, 127 S. Ct. 2201, 167 L. Ed. 2d 1045 (2007). "The Act protects confidential information by restricting who can access a consumer's credit report, and when." *Id.* "In its present form, 15 U.S.C. §1681b(f) provides that 'a person shall not use or obtain a consumer report for any purpose unless (1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and (2) the purpose is certified in accordance with 15 U.S.C. §1681e by a prospective user of the report through a general or specific certification.'" *Miller v. Trans Union LLC*, 2007 U.S. Dist. LEXIS 14315, at *7 (N.D. Ill. 2007). "To state a claim under section 1681b, a complaint must allege that (1) there was a consumer report; (2) the defendant used or obtained it; and (3) the defendant did so without a permissible statutory purpose." *Rogers*, 2020 U.S. Dist. LEXIS 39069, at *9.

Plaintiff's complaint plainly alleges that there was a consumer report, obtained and used by Defendant, and that it was used for an impermissible statutory purpose – i.e., to paint Plaintiff in a negative light in connection with the Attorney General investigation. [Dkt. 1, ¶¶ 9, 12, 13, 18, 20]. These allegations are more than sufficient to satisfy Plaintiff's pleading burden in connection

with his § 1681b(f) claims. *Nayab v. Capital One Bank, USA*, 942 F.3d 480, 487 (9th Cir. 2019) ("plaintiff need allege only that her credit report was obtained for a purpose not authorized by the [FCRA] to survive a motion to dismiss."); *Rogers* , 2020 U.S. Dist. LEXIS 39069, at *12.

Therefore, the Court should find that Plaintiff has adequately alleged Defendant's improper use of Plaintiff's credit report under § 1681b(f).

**b. Defendant's Motion Improperly Relies on Matters Outside the Pleadings**

In an effort to avoid the well-plead nature of Plaintiff's factual allegations, Defendant has offered a copy of Plaintiff's complaint submitted with the Indiana Attorney General in an effort to suggest that Plaintiff consented to Defendant using his credit report to paint him in a negative light. However, the Court should refuse to consider this document as it is outside the pleadings.

Generally speaking, documents outside of the pleadings cannot be considered in the 12(b)(6) context, unless such documents are (1) referenced in the plaintiff's complaint, (2) concededly authentic, and (3) central to the plaintiff's claim. *Fin. Fiduciaries, LLC v. Gannett Co.*, 46 F.3th 654, 663 (7th Cir. 2022). Although Plaintiff does reference the complaint submitted with the Attorney General in his complaint, the document is not central to Plaintiff's claims.

Plaintiff's Complaint does not dispute that Defendant initially obtained the credit report for a permissible purpose – i.e., to determine Plaintiff's qualifications for a lease. The central question of Plaintiff's claim comes down to whether Defendant *used* the credit report it legitimately obtained in violation of the FCRA. To answer this question, an examination of the certification submitted by Defendant when it initially obtained Plaintiff's credit will be necessary – as Defendant would be limited to using the credit report solely for the purpose for which it certified. *See* 15 U.S.C. § 1691e(a). The Attorney General Complaint, filed *long after Defendant obtained Plaintiff's credit report,* has no bearing on whether Defendant used the credit report solely for the

purpose that Defendant had certified. *See e.g., Pinson v. J.P. Morgan Chase Bank, N.A.*, 942 F.3d 1200, 1213, n. 8 (11th Cir. 2019) ("The statute also requires the 'prospective user' of the report to certify the purpose for which the credit report is sought and to **certify the report will be used for no other purpose**") (emphasis added).

Therefore, the Attorney General Complaint is not central to Plaintiff's claim. It may be central to Defendant's effort to seek dismissal of Plaintiff's claims, but it is not central to Plaintiff's claim. Therefore, the Court should refuse to consider the document for purposes of determining Defendant's Motion.

Alternatively, if the Court wishes to consider the document, Defendant's Motion should be converted to one for summary judgment. As alluded to above, there remain factual issues which would preclude a resolution of Defendant's Motion under Rule 56. *See e.g., Rogers*, 2020 U.S. Dist. LEXIS 39069, at *15 ("[A]t this early stage, there are too many unanswered questions for the Court to treat the motion as a motion for summary judgment"). The nature of Defendant's certification under § 1681e remains an inherently unresolved factual question on the record before the Court. If anything, Defendant's Motion seems to concede that it obtained the report for the purposes of § 1681b(a)(3)(F)(i) (i.e., legitimate business need stemming from a business transaction initiated by a consumer) – which would have been the certified purpose at the time the report was obtained. Because this was the certified purpose, Defendant would be limited to using the report solely for this purpose, which could not reasonably include the Attorney General investigation. Defendant's belief that it could *use* the report under § 1681b(a)(2) given Plaintiff's purported consent provided to the Indiana Attorney General would thus be contrary to the certified purpose for which the report was obtained, illustrating Defendant's violations of law.

Simply put, whether Defendant's use of the credit report was in line with the certification used to obtain such report, *inter alia*, remain open questions of fact counseling in favor of denying Defendant's Motion to the extent it is considered under Rule 56.

### c. The Consent Provided to the Indiana Attorney General Does Not Justify Defendant's Use of the Credit Report in the Manner it Did

Even if the Court were to consider the Attorney General Complaint in assessing Defendant's Motion under 12(b)(6), it would still not warrant dismissal of Plaintiff's claims.

Defendant's Motion asserts that the Attorney General Complaint constitutes "written instructions of the consumer to whom it relates" under § 1681b(a)(2) that justified how Defendant used his credit report. On its face, the clause does not reach that far. There is nothing in the consent clause proffered by Defendant that illustrates Plaintiff was giving written instructions to *Defendant* that *it* had consent to *use* the credit report in the manner it did. Instead, the clause only speaks to the Attorney General's authorization to obtain information – not written instructions that Defendant could use his credit report in connection with the Attorney General Complaint. As such, and on its face, the consent clause in the Attorney General Complaint which spoke to the Attorney General's authorization – not Defendant's – cannot reasonably be considered written instructions to Defendant allowing it to use the credit report in the manner it did. *See e.g., Qureshi v. Penkhus Motor Co.*, 2016 U.S. Dist. LEXIS 160484, at *8-9 (D. Colo. Nov. 16, 2016) (declining to find that written authorizations under § 1681b(a)(2) were open-ended or extended to an entirely different transaction).

Similarly, the consent clause is limited to information "in furtherance of the disposition of this complaint." Plaintiff's credit report would have no bearing on the nature of Plaintiff's complaint which centered on Defendant's deceptive business practices. As such, the consent

clause, even if it applied to Defendant, would not have authorized the provision of information designed to do nothing more than paint Plaintiff in a negative light.

Therefore, Defendant did not have authorization to use the report in conjunction with § 1681b(a)(2), and the Court should reject Defendant's efforts to apply a clause relating to the authorization of the Attorney General in an effort to avoid liability for its vindictive use of Plaintiff's credit report.

Defendant's Motion further attempts to suggest that the Attorney General investigation and its use of Plaintiff's credit report in connection with this investigation was proper under § 1681b(a)(3)(F)(i) because the investigation itself relates to Defendant's legitimate business needs in connection with a business transaction initiated by Plaintiff. This argument is without merit. There was no "legitimate business need" for Defendant to include the credit report it obtained for Plaintiff in connection with the Attorney General Investigation. Plaintiff's complaint centered around the deceptive advertising and bait and switch tactics engaged in by Defendant – and Plaintiff's credit report *itself* has nothing to do with those practices. Further, taking as true Plaintiff's well-plead factual allegations, Defendant used the report in connection with the investigation so as to vindictively disparage Plaintiff – again illustrating the lack of a *legitimate* business need on the part of Defendant.

Furthermore, the investigation itself was not "a business transaction" initiated by Plaintiff with Defendant. It was a complaint Plaintiff submitted to a governmental agency regarding Defendant's deceptive conduct – devoid of any underlying transaction. Merely because it related to a transaction, the investigation itself was not a transaction as contemplated by the FCRA that would justify the use of a credit report in connection therewith. Because there was no "business

transaction" created by the Attorney General investigation, Defendant's attempts to justify its use of the credit report in the manner it did, under § 1681b(a)(3)(F)(i), should be rejected by the Court.

In addition, as alluded to above, the timing of when Defendant is alleged to have obtained the credit report illustrates that Defendant used the credit report for a purpose for which it did not certify, in contravention of § 1681b(f)(2). Defendant would have certified that it was using the report in connection with the lease transaction – not the Attorney General investigation. It is inconceivable that Defendant would have certified that it was using the report only for the purpose of an event that could not reasonably have been foreseen at the time the limited use of the report was certified. As such, Plaintiff's Complaint should not be dismissed given that, even if Defendant did have a permissible use of the credit report, its use of the credit report was in contravention of the certification limiting Defendant's use of the report only for the purpose which it certified – i.e., to determine Plaintiff's eligibility for an apartment. *See e.g.*, *Bickel v. Dish Network, LLC,* 751 F.3d 724, 731 (6th Cir. 2014) ("[C]ase law makes clear that a company has a 'legitimate business need' when it assesses a consumer's *eligibility* for a business service"); *Smith v. Bob Smith Chevrolet, Inc.,* 275 F. Supp. 2d 808, 816-17 (W.D. Ky. 2003) ("Congress primarily envisioned consumer reports being disseminated for the purpose of assessing 'eligibility.'").

At the very least, there remain significant questions of fact as to whether Defendant's use of the credit report in connection with the Attorney General investigation was permissible, both given the purely vindictive manner in which it was alleged to have been used, as well as the questions regarding the certification for Defendant's obtaining of the credit report. *See e.g., Pinson,* 943 F.3d at, 1213-14 (nothing the general impropriety of determining whether there was a permissible purpose for use of a credit report at the motion to dismiss stage).

Given the open questions of fact, Defendant's Motion cannot be resolved at the 12(b)(6) stage, and should be denied accordingly.

## IV. **CONCLUSION**

For the foregoing reasons, Plaintiff prays that the Court deny Defendant's Motion in its entirety. Plaintiff has adequately alleged Defendant's violation of 15 U.S.C. § 1681b(f), and Defendant's efforts to justify its use of the credit report in a purely vindictive manner to paint Plaintiff in a negative light is beyond the scope of any permissible or certified purpose allowed under the FCRA.

Dated: May 19, 2023

Respectfully submitted,

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
Counsel for Plaintiff
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on May 19, 2023, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of Indiana by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

*/s/ Nathan c. Volheim*
Nathan C. Volheim
Counsel for Plaintiff