UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

JOSHUA D. GUERRIN,

        Plaintiff,

        v.                                CAUSE NO.: 2:23-CV-105-TLS-JEM

IBIN MANAGEMENT, LLC,

        Defendant.

## OPINION AND ORDER

Plaintiff Joshua D. Guerrin alleges that Defendant IBIN Management, LLC improperly used his credit report in violation of 15 U.S.C. § 1681b(f)(1). This matter is now before the Court on the Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) [ECF No. 16], which is fully briefed. For the reasons set forth below, the Court denies the motion.

## LEGAL STANDARD

"A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014) (citing Fed. R. Civ. P. 12(b)(6); *Gen. Elec. Cap. Corp. v. Lease Resol. Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997)). When reviewing a complaint attacked by a Rule 12(b)(6) motion, a court construes the complaint in the light most favorable to the non-moving party, accepts the factual allegations as true, and draws all inferences in the non-moving party's favor. *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

In reviewing a motion to dismiss, a court considers "the complaint itself" as well as "documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice." *Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1019–20 (7th Cir. 2013) (quoting *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012)). In this case, the Defendant attached to its motion a consumer complaint the Plaintiff filed with the Indiana Attorney General, arguing that the document, which is referred to in the Complaint, is critical to the Plaintiff's claim. Contrary to the Plaintiff's objection, the consumer complaint is critical to the Complaint because the Plaintiff's claim is based on the Defendant's use of the Plaintiff's credit report in response to that consumer complaint. Therefore, the Court will consider the Plaintiff's consumer complaint on the instant motion. Because the Complaint nevertheless states a claim, it is unnecessary for the Court to convert the motion to one for summary judgment as argued by the Plaintiff.

## FACTUAL AND PROCEDURAL BACKGROUND

These facts are taken from the Plaintiff's Complaint and his consumer complaint submitted to the Indiana Attorney General. The Defendant is a property management company, and the Plaintiff applied to lease an apartment from the Defendant. Compl. ¶¶ 5, 8, ECF No. 1. "In connection with Plaintiff's application and for purposes of determining whether Plaintiff qualified for a lease, Defendant accessed Plaintiff's credit report." *Id.* ¶ 9. The Plaintiff qualified for a lease and subsequently leased an apartment with the Defendant. *Id.* ¶ 10.

As the result of unlawful conduct on the part of the Defendant, the Plaintiff sued the Defendant for damages and filed a consumer complaint with the Indiana Attorney General, who worked to mediate the dispute. *Id.* ¶ 11; *see also* ECF No. 17-1. In the consumer complaint, the

Plaintiff alleged that the Defendant "engages in false and fraudulent advertising in several ways," including that "after you have paid the credit check fee and gotten approved, [the Defendant] changes the amount on the lease to be $90 more per month" and they "advertise as a 12 month lease but then change the terms, after you have already paid $100 for the credit check and been 'approved.'" ECF No. 17-1. In Section 9 of the consumer complaint, the Plaintiff signed an affirmation: "I consent to the Consumer Protection Division obtaining or releasing any information in furtherance of the disposition of this complaint." *Id.* In this federal civil Complaint, the Plaintiff alleges that "[a]s a party to the mediation, Defendant impermissibly supplied Plaintiff's credit report to the Attorney General in an effort to prove Plaintiff was a bad person so as to increase its leverage and paint Plaintiff in a bad light." Compl. ¶ 12.

In Count I, the sole claim, the Plaintiff alleges that the Defendant violated the Fair Credit Reporting Act, 15 U.S.C. § 1681b(f)(1), when the Defendant impermissibly submitted the Plaintiff's credit report to the Indiana Attorney General as negative evidence of the Plaintiff's character during the mediation. *Id.* ¶ 20. The Plaintiff alleges that this use of his credit report was contrary to the permissible purposes outlined in the FCRA, any authorization the Defendant had to use the Plaintiff's credit report, and any certification filed by the Defendant in connection with obtaining the Plaintiff's credit report. *Id.* ¶¶ 13, 20.

## ANALYSIS

15 U.S.C. § 1681b governs the "permissible purposes of consumer reports," and § 1681b(f) specifically provides:

> **(f) Certain use or obtaining of information prohibited**
>
> A person shall not use or obtain a consumer report for any purpose unless--
>
> > **(1)** the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and

> **(2)** the purpose is certified in accordance with section 1681e of this title by a prospective user of the report through a general or specific certification.

15 U.S.C. § 1681b(f). Relevant to the instant motion, § 1681b(a)(3)(F)(i) provides that a "consumer reporting agency may furnish a consumer report . . . [t]o a person which it has reason to believe . . . otherwise has a legitimate business need for the information . . . in connection with a business transaction that is initiated by the consumer." *Id.* § 1681b(a)(3)(F)(i). A report can also be furnished "[i]n accordance with the written instructions of the consumer to whom it relates." *Id.* § 1681b(a)(2). To state a claim for a violation of § 1681b, a plaintiff "must allege that (1) there was a consumer report, (2) the defendant used or obtained it, and (3) the defendant did so without a permissible statutory purpose." *Rogers v. Wells Fargo Bank, N.A.*, No. 19-cv-2596, 2020 WL 1081721, at *4 (N.D. Ill. Mar. 6, 2020). "[T]he purpose is key." *Billups v. PHH Mortg. Corp.*, No. 19 C 7873, 2021 WL 1648114, at *2 (N.D. Ill. Apr. 27, 2021) (quoting *Rogers*, 2020 WL 1081721, at *3).

The Plaintiff alleges that the Defendant used the Plaintiff's credit report for an impermissible purpose when the Defendant submitted the credit report to the Indiana Attorney General during mediation as negative evidence of the Plaintiff's character to paint the Plaintiff in a negative light. On the instant motion, the Defendant does not dispute that there was a consumer report in the form of the Plaintiff's credit report and that the Defendant used the Plaintiff's credit report in the mediation before the Attorney General. Rather, the Defendant moves for dismissal on the basis that the Plaintiff has failed to allege the Defendant used the credit report for an impermissible purpose.

As an initial matter, the Defendant argues generally that the Plaintiff has offered only conclusory allegations about the Defendant's impermissible purpose. Yet the Plaintiff specifically alleges that the Defendant supplied his credit report to the Attorney General during the mediation of his consumer complaint to "prove Plaintiff was a bad person" and "to increase its leverage and paint Plaintiff in a bad light." At this stage of the litigation, these factual

4

allegations are sufficient to raise the Plaintiff's claim about the speculative level and make the claim facially plausible.

The Defendant also argues that it was authorized to turn over to the Attorney General the Plaintiff's credit report as part of the Defendant's lease file during the Attorney General's investigation. But the relevant facts relied on by the Defendant are not contained in the pleadings before the Court. First, the Defendant argues, and the Plaintiff does not appear to dispute, that the Plaintiff's credit report was permissibly obtained and used by the Defendant under 15 U.S.C. § 1681b(a)(3)(F)(i) for purposes of the Plaintiff's lease application initiated by the Plaintiff. However, the contents of the authorization that the Plaintiff presumably signed to release the credit report to the Defendant and the contents of the certification presumably provided by the Defendant as a prospective user of the credit report for that purpose are not referenced in the Complaint, nor are their terms before the Court. Moreover, the Complaint alleges that the Defendant's use of the credit report in the Attorney General's mediation efforts was contrary to both the Plaintiff's authorization and the Defendant's certification. Thus, the scope of the Plaintiff's authorization and the Defendant's certification related to the credit report for purposes of the lease are unresolved factual issues on the record before the Court. *See id.* § 1681b(f)(1), (2).

In addition, to the extent the Defendant represents that it turned over its lease file, which contained the Plaintiff's credit report, in response to the Attorney General's investigation efforts, there are no allegations in the Complaint regarding the nature of the Attorney General's investigation or what the Attorney General requested from the Defendant. The Defendant is correct that the Plaintiff consented to the Attorney General obtaining "any information in furtherance of the disposition of this complaint." However, there are no facts before the Court regarding the Attorney General's efforts to obtain such information. In contrast, the Plaintiff alleges that the Defendant produced the credit report to the Attorney General for the purpose of painting the Plaintiff in a negative light. Thus, on the facts before the Court, the Plaintiff's

consent for the Attorney General to obtain information cannot constitute "written instructions" allowing the Defendant to produce the credit report under § 1681b(a)(2). *See, e.g.*, *Qureshi v. Penkhus Motor Co.*, No. 15-CV-2337, 2016 WL 6779320, at *3 (D. Colo. Nov. 16, 2016) (declining to find that written authorizations under § 1681b(a)(2) "were open-ended or extended to an entirely separate transaction").

The facts may ultimately demonstrate that the Attorney General, pursuant to the consent given by the Plaintiff on the consumer complaint, contacted the Defendant and requested materials that included the Plaintiff's credit report contained in the Defendant's lease file. And it may also be that the Plaintiff's credit report was relevant to the Attorney General's consideration of why the Defendant changed the terms of the lease transaction as alleged by the Plaintiff in the consumer complaint. But those facts are not before the Court. Unresolved factual questions remain about the relationship the Plaintiff's credit report had to the Attorney General's investigation into the Defendant's leasing practices. The Plaintiff has alleged that the Defendant produced the credit report for the impermissible purpose of offering negative evidence of his character, which is sufficient to state a claim at this stage of the litigation. *See, e.g.*, *Pinson v. JPMorgan Chase Bank, Nat'l Ass'n*, 942 F.3d 1200, 1214 (11th Cir. 2019) (finding, based on the allegations of the complaint, that the plaintiff stated a claim under § 1681b but recognizing that the defendant may submit evidence to demonstrate a permissible purpose at the appropriate time).

## CONCLUSION

Accordingly, the Court hereby DENIES the Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) [ECF No. 16].

SO ORDERED on October 10, 2023.

      s/ Theresa L. Springmann
      JUDGE THERESA L. SPRINGMANN
      UNITED STATES DISTRICT COURT