UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

JOSHUA GUERRIN,

    Plaintiff,

    v.

IBIN MANAGEMENT, LLC,

    Defendant.

CAUSE NO.: 2:23-CV-105-TLS-JEM

**OPINION AND ORDER**

This matter is before the Court on the Defendant's Motion for Reconsideration Pursuant to Fed. R. Civ. P. 60(b) [ECF No. 30], which asks the Court to reconsider its October 10, 2023 Opinion and Order [ECF No. 28] denying Defendant IBIN Management, LLC's motion to dismiss. Plaintiff Joshua Guerrin filed a response on November 21, 2023. ECF No. 35. The Defendant did not file a reply, and the time to do so has passed.

**ANALYSIS**

"Unlike motions to reconsider final judgments, which are governed by Federal Rule of Civil Procedure 59 or 60, a motion to reconsider an interlocutory order may be entertained and granted as justice requires." *Akzo Coatings, Inc. v. Aigner Corp.*, 909 F. Supp. 1154, 1160 (N.D. Ind. 1995); *see Galvan v. Norberg*, 678 F.3d 581, 587 (7th Cir. 2012) (explaining that the court has discretionary authority to reconsider a non-final order under Federal Rule of Civil Procedure 54(b)). Courts apply the same standard for a motion to amend or alter judgment under Rule 59(e) and a motion to reconsider a non-final order. *See Ahnert v. Emps. Ins. Co. of Wausau*, Nos. 10-CV-156, 13-CV-1456, 2018 WL 2048379, at *3–4 (E.D. Wis. May 2, 2018) (collecting cases). The Seventh Circuit Court of Appeals has cautioned that "motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered

evidence." *Publishers Res. Inc. v. Walker-Davis Publ'ns, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985) (citation omitted); *see also Caisse Nationale De Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996). A motion to reconsider "is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale*, 90 F.3d at 1270.

In his Complaint, the Plaintiff alleges that the Defendant violated the Fair Credit Reporting Act, 15 U.S.C. § 1681b(f)(1) (FCRA), "by impermissibly submitting Plaintiff's credit report to the [Indiana] Attorney General as negative evidence of Plaintiff's character, during the mediation" of the Plaintiff's consumer complaint. Compl. ¶ 20, ECF No. 1. The Plaintiff alleges that this use of his credit report was contrary to the permissible purposes outlined in the FCRA, to any authorization the Defendant had to use the Plaintiff's credit report, and to any certification filed by the Defendant in connection with obtaining the Plaintiff's credit report. *Id.* ¶¶ 13, 20. To state a claim for a violation of § 1681b, a plaintiff "must allege that (1) there was a consumer report; (2) the defendant used or obtained it; and (3) the defendant did so without a permissible statutory purpose." *Rogers v. Wells Fargo Bank, N.A.*, No. 19-cv-2596, 2020 WL 1081721, at *4 (N.D. Ill. Mar. 6, 2020) (citation omitted).

In its October 10, 2023 Opinion and Order denying the Defendant's motion to dismiss, the Court concluded that the Plaintiff's claim under § 1681b(f)(1) was facially plausible based on the Plaintiff's allegation "that the Defendant supplied his credit report to the Attorney General during the mediation of his consumer complaint to 'prove Plaintiff was a bad person' and 'to increase its leverage and paint Plaintiff in a bad light.'" ECF No. 28 at 4 (quoting Compl. ¶ 12). The Defendant argued, based on its own presentation of the facts, that it was authorized to turn over to the Attorney General the Plaintiff's credit report as part of the Defendant's lease file during the Attorney General's investigation. However, the Court found that the facts relied on by

the Defendant were not contained in the pleadings before the Court, which were the Plaintiff's Complaint in this litigation and the Plaintiff's consumer complaint filed with the Attorney General. The Court recognized that the consumer complaint included the Plaintiff's consent to the Attorney General obtaining "any information in furtherance of the disposition of this complaint" but then found that "there are no facts before the Court regarding the Attorney General's efforts to obtain such information." *Id.* at 5. The Court reasoned:

> The facts may ultimately demonstrate that the Attorney General, pursuant to the consent given by the Plaintiff on the consumer complaint, contacted the Defendant and requested materials that included the Plaintiff's credit report contained in the Defendant's lease file. And it may also be that the Plaintiff's credit report was relevant to the Attorney General's consideration of why the Defendant changed the terms of the lease transaction as alleged by the Plaintiff in the consumer complaint. But those facts are not before the Court.

*Id.* at 6.

In the instant motion, the Defendant argues that the Court incorrectly concluded that certain facts were not before the Court. However, the Defendant is again asking the Court to rely not on the well-pleaded facts of the Plaintiff's Complaint and the documents under consideration but rather on the Defendant's version of the facts in its motion to dismiss or on documents outside the pleadings. The Court considers each of the two alleged misunderstandings in turn.

1.   *The Authorization and Certification*

In the October 10, 2023 Opinion and Order, the Court concluded that the scope of the Plaintiff's authorization presumably signed to release his credit report to the Defendant and the Defendant's certification presumably provided as a prospective user of the credit report remain unresolved issues of fact. In the instant motion, the Defendant contends that the Plaintiff obtained his own credit report and, thus, any such authorization and certification are irrelevant. The Defendant contends that it "clarified this sequence of events" in the motion to dismiss. *See* ECF No. 17 at 3, 6. However, the Complaint alleges only: "In connection with Plaintiff's

application and for purposes of determining whether Plaintiff qualified for a lease, *Defendant accessed* Plaintiff's credit report." ECF No. 1, ¶ 9 (emphasis added). Thus, the facts relied on by the Defendant were not properly before the Court. Accordingly, there is no basis to reconsider this portion of the Court's opinion.

2. *The Attorney General's Investigation*

In the instant motion, the Defendant argues that the Court should have considered the Attorney General's written request for information that the Defendant attached to its motion to dismiss. First, the Attorney General's letter, although attached by the Defendant, was not before the Court on the motion to dismiss brought under Rule 12(b)(6). While the Court found it could consider the Plaintiff's consumer complaint attached to the Defendant's motion to dismiss because the consumer complaint was critical to the Complaint and referred to therein, the Court made no such ruling related to the Attorney General's letter. Second, even if the Court had considered the letter, the letter does not, by itself, resolve all the factual issues regarding the Attorney General's investigation and the Defendant's use of the Plaintiff's credit report. Accordingly, this is not a basis to reconsider the Court's opinion.

## CONCLUSION

Based on the foregoing, the Court hereby DENIES the Defendant's Motion for Reconsideration Pursuant to Fed. R. Civ. P. 60(b) [ECF No. 30].

SO ORDERED on December 6, 2023.

 s/ Theresa L. Springmann  
JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT