UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JOSHUA D. GUERRIN,<br><br>    Plaintiff,<br><br>    v.<br><br>IBIN MANAGEMENT, LLC,<br><br>    Defendant. | CAUSE NO.: 2:23-CV-105-TLS-JEM |

**OPINION AND ORDER**

On June 13, 2024, Plaintiff Joshua D. Guerrin filed a motion asking the Court to enter a protective order that he was not required to appear at his deposition the following day on June 14, 2024. Magistrate Judge John E. Martin granted the motion on June 14, 2024. This matter is now before the Court on the Defendant's Objections to the Magistrate Judge's Order Granting Plaintiff's Motion for a Protective Order [ECF No. 46], filed on June 28, 2024. The Plaintiff did not file a response, and the time to do so has passed. For the reasons below, the Court overrules the Defendant's Objections.

**LEGAL STANDARD**

"[A] district court's review of any discovery-related decisions made by the magistrate judge is governed by Rule 72(a) of the Federal Rules of Civil Procedure[.]" *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997). Pursuant to Rule 72(a), a party may file an objection to a magistrate judge's decision on a non-dispositive pretrial matter within fourteen days. "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). "The clear error standard means that the district court can overturn the

magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks*, 126 F.3d at 943.

## PROCEDURAL AND FACTUAL BACKGROUND

On May 10, 2024, the parties filed a joint motion, ECF No. 38, which the Court granted, extending the discovery deadline to July 8, 2024, ECF No. 39. On May 30, 2024, the Defendant noticed the Plaintiff's deposition for Friday, June 14, 2024. *See* ECF No. 43, ¶ 2.

On Tuesday, June 11, 2024, counsel for the Defendant filed a Motion for Leave to Withdraw as Counsel for Defendant IBIN Management LLC [ECF No. 40]. Therein, counsel asked for "entry of an order removing counsel from the case service list and relieving counsel of all further responsibilities to IBIN in this matter." *Id.* at 1. Counsel represented that she had "good cause to make this motion" and that "circumstances have arisen that prevent counsel from continuing to represent IBIN and that require counsel's withdraw[al] in accordance with Rule 1.16(b) of the Indiana Rules of Professional Conduct." *Id.* Counsel indicated that the client had been advised seven days earlier that she would be withdrawing her representation if certain identified issues were not satisfactorily resolved. *Id.* The client did not respond. *Id.* Counsel represented, "Such issues remain unresolved and are now irreconcilable, necessitating immediate withdrawal of counsel from this case." *Id.* Further, counsel for the Defendant represented that "Plaintiff's counsel also agrees that counsel's withdrawal from this matter is appropriate under the circumstances." *Id*.

On Wednesday, June 12, 2024, the Court set a hearing on the Motion to Withdraw as Counsel for July 9, 2024. ECF No. 41.

On Thursday, June 13, 2024, at 8:46 a.m. CST, counsel for the Plaintiff received an email from counsel for the Defendant containing a Zoom link for the Plaintiff's deposition. ECF No. 43, ¶ 8; ECF No. 43-1, p. 4. At 9:49 a.m. CST, Counsel for the Plaintiff emailed counsel for the

2

Defendant stating, "Not sure why we are receiving this invite, as you are withdrawing. We will not be attending tomorrow. If you need to discuss please let me know." ECF No. 43-1, p. 2. Counsel for the Defendant responded at 10:01 a.m. CST:

> My concerns have been addressed; consequently, the motion is being withdrawn. Either way, the deposition was duly noticed for tomorrow and I plan to proceed. Even if the motion remained pending, I would still remain counsel of record (unless or until the Court rules otherwise). Accordingly, I would still be required to proceed tomorrow (and always planned to) to ensure that my client's interests are protected.

*Id.*

At 10:04 a.m. CST, counsel for the Defendant filed with the Court a "Notice of Withdrawal of Motion" [ECF No. 42], purporting to provide notice that she was withdrawing her Motion to Withdraw as Counsel. Therein, she represented that the issues in the motion had been resolved, rendering the motion moot.

Meanwhile, counsel for the Plaintiff responded to counsel for the Defendant by email:

> Proceed as you like. We will not be there. Go seek relief from the Court. You filed a Motion, without conferral, saying you were withdrawing. [You] further stated the matter was unreconcilable. As such we notified our Client the deposition is not going forward. Let me know if you want to jointly call chambers now. Happy to do so. Otherwise you have been advised we are not appearing tomorrow.

ECF No. 46-3. At 11:29 a.m. CST, counsel for the Plaintiff sent counsel for the Defendant an email indicating, "This Motion will be filed with the Court at 1:00 pm CST unless I have email confirmation from you that tomorrow's depositions (both of them) will be adjourned and rescheduled." ECF No. 43-1, p. 1.[1]

At 1:00 p.m. CST on June 13, 2024, the Plaintiff filed a Motion for Protective Order [ECF No. 43], asking the Court to excuse the Plaintiff from appearing at his deposition the

---

[1] Following early discovery disputes, the parties agreed to reschedule the depositions of both the Plaintiff and IBIN's Rule 30(b)(6) corporate representative to June 14, 2024. ECF No. 46, p. 4; *see* ECF No. 43, ¶ 3. The Defendant represents that the Plaintiff did not reissue the notice for the Rule 30(b)(6) deposition. ECF No. 46, p. 4.

3

following day. In the motion, the Plaintiff represented that counsel for the Defendant did not confer with counsel for the Plaintiff prior to filing the Motion to Withdraw as Counsel. ECF No. 43, ¶ 4. The Plaintiff also represented that, in reliance on the Motion to Withdraw as Counsel filed on June 11, 2024, and the Court setting a hearing on the motion for July 9, 2024, the Plaintiff and counsel for the Plaintiff made alternative plans for the day of July 14, 2024. *Id.* ¶¶ 7, 13. The Plaintiff filed the motion pursuant to Federal Rule of Civil Procedure 26(c) and argued good cause to reschedule his deposition. *Id*. ¶¶ 10–12. The Plaintiff attached most of the attorney's email exchange to the motion.

On June 14, 2024, at 1:02 p.m. CST, Magistrate Judge Martin issued an Order (1) construing the Defendant's Notice of Withdrawal of Motion to Withdraw as Counsel as a motion and granting the motion and (2) granting the Plaintiff's Motion for Protective Order. ECF No. 44. Judge Martin found, under Federal Rule of Civil Procedure 26(c), good cause for issuing a protective order "because the filing of the motion seeking immediate withdrawal of an appearance would logically lead counsel for Plaintiff to believe that the depositions scheduled for two days later were not proceeding." *Id.* Judge Martin ordered the parties to reschedule the depositions before the close of discovery. *Id.*

## ANALYSIS

Federal Rule of Civil Procedure 26(c) provides that "[a] party . . . from whom discovery is sought may move for a protective order in the court where the action is pending" and allows the court, for good cause, to "issue an order to protect a party . . . from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). "The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." *Id.* Northern District of Indiana Local Rule 37-1 requires the party filing a discovery motion to "file a separate

certification that the party has conferred in good faith or attempted to confer with other affected parties in an effort to resolve the matter raised in the motion without court action" and requires that the certification include "the date, time, and place of any conference or attempted conference" and "the names of the parties participating in the conference." N.D. Ind. L.R. 37-1(a). The Local Rule also provides that "[t]he court *may* deny any motion described in subdivision (a) . . . if the required certification is not filed." N.D. Ind. L.R. 37-1(b) (emphasis added). "District courts have broad discretion in discovery matters . . . ." *Packman v. Chi. Trib. Co.*, 267 F.3d 628, 646 (7th Cir. 2001).

The Defendant makes three objections to Judge Martin's June 14, 2024 Order.

First, the Defendant objects that Judge Martin issued the order without soliciting a response brief from the Defendant. The Defendant argues it should have been given notice and an opportunity to file a written response in accordance with the rules and contends, without citation to law, that issuing an order without permitting any response was an abuse of discretion. As an initial matter, the Defendant had notice of the Plaintiff's motion, which was served on counsel through the Court's electronic filing system. While the Local Rules set the time in which a party's response is required, *see* N.D. Ind. L.R. 7-1(d)(3)(A), the rules do not require the court to await a response before ruling on a time-sensitive discovery issue that can be subsequently cured. Here, Judge Martin was aware of the relevant filings, including the Motion to Withdraw as Counsel filed by counsel for the Defendant. And the Plaintiff attached the Defendant's email communications setting forth defense counsel's position that she intended to go forward with the Plaintiff's deposition. Given the short time prior to the scheduled deposition, the information on the parties' positions presented in the motion, and the satisfactory remedy of rescheduling the deposition before the close of discovery, it was not an abuse of discretion for Judge Martin to rule on the motion without awaiting a response brief. The Court overrules this objection.

5

Second, the Defendant argues that the Plaintiff's motion should have been summarily denied for failing to include the requisite Rule 26 certification. However, the Plaintiff substantially complied with the certification requirements of Rule 26 and Local Rule 37-1 by describing in the motion, supported by attached exhibits, the parties' inability to agree to reschedule the Plaintiff's deposition. Moreover, it is within the court's discretion under the Local Rule whether to deny a motion for failure to provide the separate certification. Given the time-sensitive nature of the discovery dispute and the Plaintiff's description of the parties' unsuccessful attempts to resolve the dispute, it was not an abuse of discretion for Judge Martin to rule on the discovery motion without the formal certification in this instance. The Court overrules this objection.

Third, the Defendant argues that the Plaintiff did not have good cause to refuse to appear for his deposition. The Court finds that Judge Martin's issuance of a protective order excusing the Plaintiff from his deposition was not clearly erroneous or contrary to law. It was reasonable for Plaintiff's counsel to believe that the depositions scheduled for Friday, June 14, 2024, would not go forward once counsel for the Defendant filed her Motion to Withdraw as Counsel on Tuesday, June 11, 2024, based on irreconcilable differences. The Court overrules this objection.

## CONCLUSION

Based on the foregoing, the Court hereby OVERRULES the Defendant's Objections to the Magistrate Judge's Order Granting Plaintiff's Motion for a Protective Order [ECF No. 46].

SO ORDERED on August 2, 2024.

    s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT