UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

JOSHUA D. GUERRIN,

    Plaintiff,

    v.                                                    Case No. 2:23-CV-105-GSL

IBIN MANAGEMENT, LLC,

    Defendant.

## OPINION AND ORDER

This matter is before the Court *sua sponte* on the issue of Article III standing. In preparing for trial and reviewing the Parties' pretrial filings [DE 80, 86], the Court raised the issue of Article III standing and allowed the Parties an opportunity to brief standing ahead of the March 24, 2026 Final Pretrial Conference [DE 90]. Additionally, the Parties orally argued their positions on standing at the conference. For reasons discussed below, the Court finds that Plaintiff no longer has standing in federal court as he has not met the constitutional requirement of demonstrating a concrete injury in fact.

### Background

Plaintiff, Joshua D. Guerrin, alleges that Defendant, IBIN Management, LLC, violated the Fair Credit Reporting Act ("FCRA"), when it disclosed a copy of his credit report and a lease agreement between him and Defendant to Indiana's Office of Attorney General ("OAG"). [DE 72 at 4]. Defendant allegedly disclosed this information in response to an investigative letter sent to Defendant by the OAG. [*Id*.]. The OAG was investigating a consumer complaint that Plaintiff had submitted against Defendant. [*Id*.].

As a result of the disclosure, Plaintiff claims that he was injured and subsequently filed the instant action. In his Complaint, Plaintiff alleges that Defendant's actions constituted both a negligent and a willful violation of the FCRA, specifically 15 U.S.C. § 1681b(f)(1). [DE 1 at ¶20]. Plaintiff further alleges that this violation caused him to suffer actual damages, including but not limited to, invasion of privacy, disclosure of private information, emotional distress, embarrassment, and violations of his federally-protected interests to be free from harassing, unfair, and abusive conduct pertaining to the use of his credit report. [*Id*. at ¶ 14].

On April 14, 2023, Defendant filed a Motion to Dismiss [DE 16] pursuant to Federal Rule of Civil Procedure 12(b)(6), but the Court found, for the reasons discussed therein, that "Plaintiff ha[d] alleged that [] Defendant produced the credit report for the impermissible purpose of offering negative evidence of his character, which is sufficient to state a claim at this stage of the litigation." [DE 28 at 6].

Thereafter, the Parties engaged in discovery and Defendant subsequently filed its Motion for Summary Judgment [DE 58].  On September 19, 2025, the Court granted Defendant's Motion in part, finding that Plaintiff could not establish any *actual* damages to support a negligent violation of the FCRA, noting that he had alleged only that "Defendant shared extensive private information about Plaintiff with a third party in an impermissible and unlawful manner, in turn causing actual damage to Plaintiff's privacy interests." [DE 72 at 10].  This conclusory statement, as the Court explained, was insufficient under Seventh Circuit precedent and granted summary judgment in favor of Defendant on the theory that it negligently violated the FCRA. [*Id.*]; *See Persinger v. Sw. Credit Sys., L.P.*, 20 F.4th 1184, 1190 (7th Cir. 2021) (holding that "[n]onpecuniary harms, including reputational damage and emotional distress, may also follow an FCRA violation, though these harms must be described in 'reasonable detail'— conclusory statements are insufficient").

The Court, however, denied Defendant's request for summary judgment as to the theory that it willfully violated the FCRA.  The Court explained, in pertinent part, as follows:

> On the evidence provided, a reasonable jury could determine that it was objectively unreasonable for Defendant to believe that it could ignore the certification requirement in § 1681b(f)(2). There is no evidence that any attempts were made to review the certification to see if it covered the circumstances present here, nor is there any citation to any legal opinion, argument, or other document espousing Defendant's view that FCRA certification requirement can be ignored if the circumstances of the disclosure assure confidentiality.

> Similarly, a reasonable jury could find that Defendant, by reading the FCRA as it did, ran a risk of violating the statute that was substantially greater than the risk associated with a merely careless reading. In addition to the inference that Defendant knew it had to comply with the FCRA, the statute on its face requires certification, and, again, Defendant has not identified any entity other than itself which believes that certification is not required by the circumstances under which Defendant disclosed Plaintiff's report. The Court will not take this question away from the jury.

[DE 9-10]. As a result, the Court set the remaining issue for trial, scheduled to commence on May 4, 2026. [DE 74].  The specific issue now before the Court is whether Plaintiff can demonstrate that he has suffered a concrete and particularized injury in fact as a result of Defendant's alleged willful violation of the FCRA. *See TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021) (explaining that "plaintiffs must maintain their personal interest in the dispute at *all stages* of litigation[,] [therefore they] must demonstrate standing "with the manner and degree of evidence required at the successive stages of the litigation") (emphasis added); *and Persinger v. Southwest Credit Systems, L.P.*, 20 F.4th 1184, 1189 (7th Cir. 2021) (instructing that "[t]he Article III standing inquiry remains open to review at all stages of the litigation").

## Legal Standard

"Article III confines the federal judicial power to the resolution of 'Cases' and 'Controversies' … [which means] that the plaintiff must have a 'personal stake' in the case[, or] in other words,

standing." *Ramirez*, 594 U.S. at 423. To establish standing, a plaintiff "must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief. *Id*. at 423 (*citing Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–561(1992)).

Additionally, standing remains a live issue at all stages of the litigation. *Persinger*, 20 F.4th at 1189. In other words, "[p]laintiffs must maintain their personal interest in the dispute[,] … [and be able to] demonstrate standing for each claim that they press and for each form of relief that they seek" at every stage. *Ramirez*, 594 U.S. at 431. And the burden of plaintiffs to do so "changes as the procedural posture of the litigation changes." *Persinger*, 20 F.4th at 1189. For example, when "the procedural posture is summary judgment, the plaintiff must set forth by affidavit or specific facts" to support standing. *Id*.

## Discussion

At issue here is whether the "injury in fact" prong for Article III standing has been met. "For an injury to be concrete, it must be real, and not abstract." *Persinger*, 20 F.4th at 1190 (citing *Spokeo*, *Inc. v. Robins*, 578 U.S. 330, 337 (2016)) (internal quotations omitted). Concrete harms can be tangible or intangible. *Id*. Tangible harms "readily qualify as concrete injuries" and include physical or monetary harms. *Id*. Intangible harms, which also can qualify as concrete, include, but are not limited to, disclosure of private information or intrusion upon seclusion. *Id*.

Relevant here, is the intangible harm of invasion of privacy, which the Seventh Circuit has held sufficient to be concrete in instances of FCRA violations. *See generally, Persinger*, 20 F. 4th at 1184. Plaintiff has alleged that he has suffered "harm traditionally protected at common law under invasion of privacy theories" as a result of Defendant's FCRA violation. [DE 31 at 1].

4

In *Persinger*, the plaintiff asserted that the defendant violated 15 U.S.C. § 1681b(f), causing her harm. 20 F.4th at 1190. The Seventh Circuit explained that such an allegation was "not enough on its own to confer standing[,]" and "[w]hen reviewing potential injuries for standing purposes, we are constrained by the operative complaint." *Id*. The plaintiff's complaint contained allegations of financial and dignitary harm, but her deposition testimony "undercut her allegations of financial, credit, and reputational injuries." *Id*. at 1191. However, as far as her dignitary harm was concerned, her "[deposition] testi[mony] that [the defendant] had invaded her privacy when it reviewed her credit information" was sufficient to confer standing. *Id*. at 1193.

Given the current posture of this case, allegations of harm alleged in the Complaint, alone, are no longer sufficient to establish standing. *Persinger*, 20 F.4th at 1189. Rather, at this point, Plaintiff must be able to demonstrate standing "by affidavit or other specific evidence." *Id*.; (*see also Ramirez*, 594 U.S. at 431 (holding that "in a case [] that proceeds to trial, the specific facts set forth by the plaintiff to support standing must be supported adequately by the evidence adduced at trial"); *see also Hustedt v. Hunter Warfield, Inc*., 2022 WL 214483, at *5 (N.D. Ind. Jan. 24, 2022) (interpreting *Persinger* as placing a heightened burden on a plaintiff to establish standing "because that case was at the summary judgment stage … [therefore,] the court could consider whether [the plaintiff's] supported the existence of a concrete injury-in-fact").

Defendant argues that all Plaintiff has provided are allegations of harm and "allegations are not evidence … [therefore,] Plaintiff has not, and still cannot make this necessary factual showing, [and] his case must be dismissed prior to trial." [DE 92 at 3]. Plaintiff argues that he "alleges suffering [an invasion of privacy] [and] will prove such injury at the forthcoming trial." [DE 91 at 1]. During oral argument, Plaintiff conceded that he does not have any specific evidence, affidavit or deposition testimony, to support this allegation of harm, unlike the plaintiff in *Persinger*. *See*

*Persinger*, 20 F.4th at 1193 (holding that "[t]o sum it up … [the plaintiff] has standing to sue. She *testified* that [the defendant] invaded her privacy when it reviewed her credit information") (emphasis added). Rather, he pointed the Court to the information that was allegedly disclosed by the Defendant and argued that in and of itself was enough to establish standing.  Plaintiff is incorrect, that is not enough. It is well established that an "injury in law is not an injury in fact." *Ramirez*, 594 U.S. at 27. "Only those plaintiffs who have been *concretely harmed* by a defendant's statutory violation may sue that private defendant over that violation in federal court." *Id*. Plaintiff's argument is exactly that, an injury in law, as he claims the information contained in the report itself, and the obvious sensitivity of it, coupled with the alleged wrongful disclosure demonstrates a concrete injury.

"The only eligible harm for standing purposes is one that is both grounded in the complaint and uncontradicted by the record." *Hustedt*, 2022 WL 214483, at *5.  What once was enough to establish standing, allegations of tangible and intangible harm in the Complaint, is no longer as Plaintiff has failed to satisfy his evolving burden to demonstrate standing. The lack of *any* evidence, let alone "adequate" evidence, to support Plaintiff's alleged privacy harm requires this Court to dismiss this case as it no longer has the subject matter jurisdiction to decide its merits.

### Conclusion

For the reasons set forth above, the Court **DISMISSES** this case pursuant to Federal Rule of Civil Procedure 12(b)(1). The trial set for May 4, 2026, is hereby **VACATED**. This case is now closed.

SO ORDERED.

ENTERED: March 31, 2026

/s/ Gretchen S. Lund
Judge
United States District Court

6